1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ANTONIO SEENYUR, formerly
known as ANTHONY L. JOHNSON,

                                    Petitioner,

    vs.

EDMUND J. BROWN, Attorney
General of California; and
MICHELLE SMITH, Warden,
Minnesota Correctional Facility
—Stillwater,

                                    Respondents.

CASE NO. 99-cv-1589 JM (AJB)

ORDER DENYING MOTION
TO SET ASIDE JUDGMENT
AND ALLOW LEAVE TO AMEND
PRIOR HABEAS PETITION

On October 28, 2014, Petitioner Antonio Seenyur, a state prisoner acting pro se, filed a motion to set aside the 1999 dismissal of his habeas petition, made pursuant to 28 U.S.C. § 2254, so that he can amend it. (Doc. No. 14.) He also filed a motion for leave to proceed in forma pauperis. (Doc. No. 12.) For the reasons set forth below, the court denies both motions.

## BACKGROUND[1]

On July 8, 1996, after a jury trial, Petitioner was convicted in California court on 66 counts, for violent sexual offenses, kidnappings, and robberies of seven different victims. (Doc. No. 1 at 2.) On August 14, 1996, he was sentenced to five consecutive life terms plus 440 years. (Id.) He appealed to the California Court of Appeal, which affirmed in part and reversed in part. (Id. at 3, 5.) The California Supreme Court declined review, and the United States Supreme Court denied

---

[1] The details of Petitioner's background are drawn from his filings.

99cv1589

Petitioner's petition for a writ of certiorari on October 5, 1998.  (Id. at 3.)
Accordingly, Petitioner's deadline for purposes of the Antiterrorism and Effective
Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), was October 4, 1999.

Petitioner filed a timely petition for a writ of habeas corpus on July 29, 1999.
(Doc. No. 1.)  According to the petition, the California Court of Appeal had
"concluded that the trial court erred in denying [Petitioner] his constitutional right
to testify," but that the error was harmless.  (Id. at 5.)  Petitioner's only claim for
relief was that the denial of a defendant's right to testify in his own defense is
"reversible per se and not . . . subject to harmless error analysis." (Id. at 6.)  On
September 27, 1999, the court dismissed the petition because Petitioner had not
paid the $5 filing fee and had not moved to proceed in forma pauperis, and also
because he had failed to name a proper respondent.  (Doc. No. 4.)  The court gave
him until November 29, 1999, to cure the deficiencies.  (Id. at 2–3.)  He did not
do so.

On February 13, 2002, two and a half years after the petition was filed,
Petitioner attempted to pay the $5 filing fee.  (Doc. No. 10 at 1.)  The court ruled
that "Petitioner is too late.  Among[] other things, to allow petitioner to wait two
and a half years to pursue this action would result in contravention of the purpose
and policy underlying [AEDPA]." (Id.)  The court continued:  "Should petitioner
wish to pursue an action pursuant to 28 U.S.C. § 2254, he shall file a new petition
that will be assigned a new case number."  (Id. at 1–2.)

That was the last this court heard from Petitioner until October 28, 2014,
when he filed the instant motion to set aside the dismissal of his 1999 petition
pursuant to Federal Rule of Civil Procedure 60(b) so that he can file an amended
petition, which, he asserts, should relate back to the original petition pursuant
to Federal Rule of Civil Procedure 15(c)(1)(B).  (Doc. No. 14.)  Petitioner wishes
to argue that the judge at his trial exceeded his authority and committed fraud by
violating Petitioner's rights under the First, Fourth, Fifth, Sixth and Fourteenth

1   Amendments.  (Id. at 16–30.)

2        In support of setting aside the dismissal of his 1999 petition, Petitioner

3   asserts that he "and other innocent client[s] were all the victims of egregious

4   attorney misconduct and fraud" by the lawyers at the firm he hired to represent

5   him, and that he has diligently pursued bringing his claim before the court because

6   he "hired two different private lawyers" and "sought out at least 50 other legal

7   sources by mail."  (Id. at 15.)

8        He provides the following account:  After the court dismissed his petition,

9   but before the November 29, 1999 deadline to file an amended petition had passed,

10  he retained private counsel.  (Id. at 6.)  In 2002, his counsel filed two habeas corpus

11  applications on his behalf in the California courts, but they were denied.  (Id. at 7.)

12  Then, in 2004, a lawyer named Alireza Dilmahani sent notice to Petitioner that

13  the name partner at the law firm representing him had passed away, after which

14  he received no further communication for several months.  (Id. at 8.)  In December

15  of that year, he filed a disciplinary complaint against the firm in New York, which

16  did not result in any action.  (Id. at 8–9.)  In August 2005, the Securities and

17  Exchange Commission instituted a fraud action against the firm and the lawyers

18  involved.  (Id. at 8.)  In June 2008, the New York disciplinary committee served

19  Dilmahani with notice of 19 disciplinary charges related to his representation of

20  inmates in New York prisons.  (Id. at 9.)  Dilmahani was subsequently prosecuted

21  and disbarred.  (Id.)  In 2010 Petitioner retained different counsel, this time a habeas

22  corpus specialist.  (Id. at 9.)  But in 2011 or 2012 that attorney sent Petitioner a

23  letter terminating his service due to a medical condition.  (Id. at 10.)

24                              **DISCUSSION**

25        Petitioner contends that his 1999 petition should be reopened under

26  Rule 60(b)(3), which allows reopening based on "fraud (whether previously

27  called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

28  party"; and Rule 60(b)(6), which permits reopening for "any other reason that

justifies relief." (Doc. No. 14 at 14–15.)

If this were an ordinary civil case, the analysis would be straightforward: Motions under Rule 60 must generally be made "within a reasonable time," and motions based on fraud must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).  Because Petitioner waited almost 15 years after the dismissal of his case, the court would conclude that he is too late by any measure.

However, because Petitioner's motion attempts to reopen his previously dismissed habeas petition, the court must decide whether to treat the motion as a second or successive habeas petition rather than a Rule 60(b) motion.  Such a ruling is necessary because a Rule 60(b) motion risks circumventing AEDPA's restraints on successive habeas petitions.[2]  See Gonzalez v. Crosby, 545 U.S. 524 529–30 (2005) (summarizing AEDPA's requirements and their relevance to Rule 60(b)).

---

[2]  AEDPA imposes the following restraints on second or successive habeas petitions:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
　　(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
　　(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

1   The Supreme Court has instructed that a Rule 60(b) motion should be
2   treated as a second or successive habeas petition if it "seeks to add a new
3   ground for relief" or if it "attacks the federal court's previous resolution of a
4   claim on the merits." Gonzalez, 545 U.S. at 532 (emphasis omitted); see also
5   Cook v. Ryan, 688 F.3d 598, 608 (9th Cir. 2012).  But the motion should be
6   treated as an ordinary Rule 60(b) motion if it "merely asserts that a previous
7   ruling which precluded a merits determination was in error—for example, a denial
8   for such reasons as failure to exhaust, procedural default, or statute-of-limitations
9   bar," Gonzalez at 532 n.4, or if it "attacks, not the substance of the federal court's
10  resolution of a claim on the merits, but some defect in the integrity of the federal
11  habeas proceedings," id. at 532 n.5.  The Supreme Court has instructed further
12  that "[a]n attack based on the movant's . . . habeas counsel's omissions ordinarily
13  does not go to the integrity of the proceedings, but in effect asks for a second
14  chance to have the merits determined favorably."  Id. (citation omitted).

15  This is just such a case.  Petitioner does not attack the merits of the dismissal,
16  as his petition was dismissed without a ruling on the merits.  He contends, however,
17  that his counsel failed to file an amended petition within the time allowed by the
18  court, and, based on his counsel's failure, he seeks to add several claims to his
19  petition, for violations of his rights under the First, Fourth, Fifth, and Fourteenth
20  Amendment.  Those claims were not presented in his original petition, which
21  contended only that the California Court of Appeal was wrong in holding that the
22  denial of his right to testify in his own defense was subject to harmless-error review.
23  Thus, the thrust of Petitioner's Rule 60(b) motion is not that the court erred in
24  dismissing his petition in 1999, but that because of his counsel's omissions he
25  should be allowed to amend the petition to add new claims.  Accordingly, the
26  court concludes that Petitioner's Rule 60(b) motion should be construed as a
27  second or successive habeas petition that is subject to AEDPA's requirements.
28

99cv1589

That conclusion prevents the court from passing on any other aspect of his motion.  Among other things, AEDPA requires an applicant to seek authorization from the court of appeals before filing a second or successive application in the district court.  See 28 U.S.C. § 2244(b)(3)(A).[3]  Because Petitioner has not done so, the court cannot consider his arguments.  For the same reason, the court also denies his motion for leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . .is frivolous [or] fails to state a claim on which relief may be granted . . . .")

## CONCLUSION

Petitioner's Rule 60(b) motion (Doc. No. 14) is to be treated as a second or successive habeas petition, and is DENIED.  Petitioner's  motion for leave to proceed in forma pauperis (Doc. No. 12) is also DENIED.  The Clerk of Court is instructed to close the file.

IT IS SO ORDERED.

DATED:  December 11, 2014

Hon. Jeffrey T. Miller
United States District Judge

---

[3]  28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."